IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

_____

| | | |
|---|---|---|
| DAVID OMMUNDSON, | ) | Cause No. CV 09-150-BLG-RFC-CSO |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND |
| | ) | RECOMMENDATION OF |
| MIKE MAHONEY; ATTORNEY | ) | U.S. MAGISTRATE JUDGE |
| GENERAL OF THE STATE | ) | (Claims 1, 2, and 3) |
| OF MONTANA, | ) | |
| | ) | |
| Respondents. | ) | |

_____

This case comes before the Court on Petitioner David Ommundson's petition for writ of habeas corpus under 28 U.S.C. § 2254. Ommundson is a state prisoner proceeding pro se.

On January 25, 2010, Respondents were ordered to file the transcripts of Ommundson's trial and sentencing so that the Court could consider the first three claims in his Petition, each of which challenges the

FINDINGS AND RECOMMENDATION OF U.S.
MAGISTRATE JUDGE (CLAIMS 1, 2, AND 3) / PAGE 1

sufficiency of the evidence. Only Claims 1, 2, and 3 are addressed in this document.

I. Background

In 1983 and again in 1985, Ommundson was convicted of misdemeanor indecent exposure, a violation of Mont. Code Ann. § 45-5-504. A third offense is a felony entailing a minimum of five years and a maximum of 100 years in prison. 1999 Mont. Laws ch. 288, § 2 (April 9, 1999).

Based on an incident that occurred on April 22, 2006, Ommundson was charged in Montana's Thirteenth Judicial District Court, Yellowstone County, with indecent exposure. A jury convicted him. At sentencing, he was designated a Level III risk to reoffend, the highest level, and sentenced to serve twenty years in prison, with five suspended. Pet. at 2 ¶ 4.

Ommundson appealed, challenging the sufficiency of the evidence to support the conviction. On October 9, 2008, the Montana Supreme Court affirmed his conviction. State v. Ommundson, 194 P.3d 672, 674 ¶ 1 (Mont. 2008).

Ommundson timely signed his federal habeas petition and deposited it in the prison mail system on November 19, 2009. Pet. (doc. 1) at 6, Pet'r Decl. ¶ C; Houston v. Lack, 487 U.S. 266, 270-71 (1988) (establishing prison mailbox rule); 28 U.S.C. § 2244(d)(1); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).

## II. Ommundson's Allegations

As relevant here, Ommundson's first, second, and third claims assert that the evidence was not sufficient to support his conviction. Pet. at 4 ¶¶ 15A, 15B; id. at 7 ¶ 15C.

## III. Analysis

The Montana Supreme Court considered Claims 1, 2, and 3 on the merits. Ommundson, 194 P.3d at 674 ¶ 3. Consequently, to obtain relief, Ommundson must show that the state court's denial of his claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or that the state court's denial was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1),

(2). Evidence is insufficient to support a conviction if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 324 (1979). Under § 2254(d), a federal court's review of the sufficiency of the evidence is "doubly deferential," weighted in favor of both the jury's verdict and the state supreme court's conclusion. Juan H. v. Allen, 408 F.3d 1262, 1274 (9th Cir. 2005); see also Knowles v. Mirzayance, __ U.S. __, 129 S. Ct. 1411, 1420 (2009) (describing judicial review of a claim under § 2254(d) and Strickland v. Washington, 466 U.S. 668 (1984), as "doubly deferential").

> Mont. Code Ann. § 45-5-504(1) (2005) provides:
>
> A person commits the offense of indecent exposure if the person knowingly or purposely exposes the person's genitals under circumstances in which the person knows the conduct is likely to cause affront or alarm in order to:
>    (a)   abuse, humiliate, harass, or degrade another; or
>    (b)   arouse or gratify the person's own sexual response or desire or the sexual response or desire of any person.

The State's case-in-chief consisted of four witnesses: a parks supervisor for the City of Billings, the two women who saw Ommundson on the day in question, and the police officer who investigated their

complaint.  Ommundson presented no evidence.

The evidence showed that Saturday morning, April 22, 2002 – a "sunshiny and beautiful" Earth Day in Billings – two women, Peggy Helvik and Linda Marman, set out on a walking trail across the rimrocks. The trail was generally "fairly heavily used," more so on weekends and sunny days, by walkers, joggers, and cyclists, and people who want to look out over the city to the Beartooth Mountains in the distance.  Ex. A1 at 28:19-30:18.  The area is "sagebrush, it's pretty open country, some brush, some trees that are found up there, but not a lot."  Id. at 29:7-8.  "You would expect to be seen, you would expect to see people anytime, just about anytime you went there."  Id. at 32:24-25.

At about 9:30 or 10:00 a.m., near the parking lot at the top of the rimrocks, Helvik and Marman came across a "totally nude" man sitting on a blanket five to ten feet off the trail.  They did not see his genitals because his hips were turned in the same direction they were walking. They saw his buttocks, and they saw no trace of clothing.  Helvik and Ommundson maintained eye contact with each other as she walked past him.  Neither spoke, smiled, nodded, scowled, or made any other

FINDINGS AND RECOMMENDATION OF U.S.
MAGISTRATE JUDGE (CLAIMS 1, 2, AND 3) / PAGE 5

expression. Ex. A1 at 39:18-42:20, 52:21-53:15, 58:2-60:16. Before calling the police, the women checked back to see if Ommundson was still there and still nude. He was. Id. at 43:8-44:6, 62:19-63:19.

Officer Floth testified that he arrived ten or fifteen minutes after receiving the call. He pulled into the parking lot, "just kind of walked along there and looked over and, geez, yeah, he's there . . . . readily visible from the parking lot." Ex. A1 at 89:25-90:2. Ommundson's genitals were fully exposed to Floth, who said, "It was disgusting. I was offended." He told Ommundson to "get his clothes on." Ommundson had a pair of nylon basketball shorts, but no other clothing of any kind, within arm's reach. Id. at 88:17-24, 92:21-95:1.

A rational person who was surprised to see Helvik and Marman and who had no desire to harass persons using the trial would have put his shorts on after they disappeared from view. Ommundson not only did not do that, he fully exposed himself to Officer Floth. A rational juror could have found that Ommundson's genitals were exposed, that he knew his nudity on a public trail, bare even of tree or brush cover, would be an affront to persons using the trail, and that he chose to be nude for the

purpose of harassing persons using the trail. The jury's verdict and the Montana Supreme Court's decision were both more than reasonable. Ommundson is not entitled to habeas relief.

IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings.

A. Governing Law

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); Hohn v. United States, 524 U.S. 236 (1998); Lambright v. Stewart, 220 F.3d 1022, 1024 (9th Cir. 2000). Ommundson "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Slack v. McDaniel, 529 U.S. 473, 484 (2000), or that "the questions are 'adequate to deserve encouragement to proceed further,'" Lozada v. Deeds, 498 U.S. 430, 432 (1991) (quoing Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

B. Discussion

This is a very straightforward case. No reasonable jurist could find that the evidence was not sufficient to support the trial verdict. The State was ordered to file the transcripts of both trial and sentencing because the sentence seemed harsh and, in turn, that fact gave the intent elements of the statute greater importance. No concerns remain once the transcripts are reviewed. There is no reason to encourage further proceedings. A COA is not warranted.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. Claims 1, 2, and 3 should be DENIED on the merits.

2. A certificate of appealability should be DENIED as to Claims 1, 2, and 3.

3. When Claims 1-5 have been disposed of, the Clerk of Court should be directed to enter judgment by separate document in favor of Respondents and against Petitioner.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within fourteen (14) calendar days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Ommundson must immediately inform the Court of any change in his mailing address.</u>  Failure to do so may result in dismissal of this action without notice to him.

DATED this <u>15th</u> day of March, 2010.

                                       /s/ *Carolyn S. Ostby*
                                       Carolyn S. Ostby
                                       United States Magistrate Judge