IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

_____

| | | |
|---|---|---|
| DAVID OMMUNDSON, | ) | Cause No. CV 09-150-BLG-RFC-CSO |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND |
| | ) | RECOMMENDATION OF |
| MIKE MAHONEY; ATTORNEY | ) | U.S. MAGISTRATE JUDGE |
| GENERAL OF THE STATE | ) | (Claims 4 and 5) |
| OF MONTANA, | ) | |
| | ) | |
| Respondents. | ) | |

_____

This case comes before the Court on Petitioner David Ommundson's

petition for writ of habeas corpus under 28 U.S.C. § 2254.  Ommundson

is a state prisoner proceeding pro se.

On January 25, 2010, Ommundson was ordered to show cause why

Claims 4 and 5 of his petition should not be dismissed as procedurally

barred.  He responded on February 23, 2010.  Only Claims 4 and 5 are

addressed in this document.

FINDINGS AND RECOMMENDATION OF U.S.
MAGISTRATE JUDGE (CLAIMS 4 AND 5) / PAGE 1

I. Background

Based on an incident that occurred on April 22, 2006, Ommundson was charged in Montana's Thirteenth Judicial District Court, Yellowstone County, with indecent exposure. He appealed his conviction, challenging the sufficiency of the evidence. On October 9, 2008, the Montana Supreme Court affirmed his conviction. Ommundson, 194 P.3d at 674 ¶ 1.

Ommundson filed a petition for postconviction relief in the trial court. It was denied on February 5, 2009. He did not appeal because he was "proceeding pro se" and he "believed that he would be denied again." Pet. (doc. 1) at 3 ¶¶ 12-13.

Ommundson timely signed his federal habeas petition and deposited it in the prison mail system on November 19, 2009. Pet. at 6, Pet'r Decl. ¶ C; Houston v. Lack, 487 U.S. 266, 270-71 (1988) (establishing prison mailbox rule); 28 U.S.C. § 2244(d)(1); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).

II. Ommundson's Allegations

As relevant here, Ommundson alleges that the Ex Post Facto Clause was violated by use of two misdemeanor convictions, incurred in 1983 and

FINDINGS AND RECOMMENDATION OF U.S.
MAGISTRATE JUDGE (CLAIMS 4 AND 5) / PAGE 2

1985, to elevate his 2006 offense to a felony.  Id. at 7 ¶ 15D ("Claim 4").

Ommundson also contends that trial counsel was ineffective because he "made several errors which could have changed the outcome of the trial."  Ommundson asserts that the errors "involved perjury and choice of defense witnesses called to testify."  Id. at 8 ¶ 15E ("Claim 5").

III. Analysis

Ommundson's default of Claims 4 and 5 is clear on the face of the petition.  Pet. at 3 ¶ 13; id. at 7-8 ¶¶ 15D(2), 15E(2).  Recognizing default of these claims at this stage will "further the interests of comity, federalism, and judicial efficiency."  Vang v. State of Nevada, 329 F.3d 1069, 1073 (9th Cir. 2003) (quoting Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998)).

A. Application of the Bar

Generally, habeas petitioners must fairly present their federal claims in the highest available state court before filing in federal court. 28 U.S.C. § 2254(b)(1)(A), (c); O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999); Rose v. Lundy, 455 U.S. 509, 522 (1982).  Ommundson did not raise his ex post facto argument or his claim of ineffective assistance of

counsel in his direct appeal.  He did not appeal the trial court's denial of his postconviction petition.  Therefore, the Montana Supreme Court has not had an opportunity to address these claims.

Ommundson cannot present these claims in the Montana Supreme Court now, because he could have done so before, Mont. Code Ann. § 46-21-105(1)(b), (2), and because the one-year state statute of limitations has expired, id. § -102(1)(b); State v. Root, 64 P.3d 1035, 1037-38 ¶ 16 (Mont. 2003) (holding that one-year limitations period applies to second petitions).  Claims 4 and 5 are defaulted.  Smith v. Baldwin, 510 F.3d 1127, 1139 (9th Cir. 2007) (en banc) (quoting Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991)).

B. Excuse

Ommundson contends that his failure to raise Claim 4 on direct appeal should be excused because, due to counsel's ineffective assistance, he had "very little input" concerning the issues to be raised.  Resp. to Order (doc. 12) at 1-2.  He also contends that his failure to appeal the denial of his postconviction petition should be excused because "[l]egal help from inside the prison was virtually non-existent" and the location

where he was detained had no library between January and June 2009, which includes the time period for his appeal.  Id. at 2.  "As a result, the Petitioner had no means to prepare an appeal to the Montana Supreme Court."  Id.

Ommundson's excuse for default of Claim 4 cannot be considered because he did not raise it in the Montana Supreme Court.  Edwards v. Carpenter, 529 U.S. 446, 451-53 (2000).

The facts alleged by Ommundson to excuse his default of Claim 5 do not support an inference that he was unable to file a notice of appeal.  The statement in his petition that he did not appeal because he was "proceeding pro se" and he "believed that he would be denied again," Pet. at 3 ¶¶ 12-13, shows that he knew he could appeal.  Even if his legal resources were "unbelievably poor," Resp. to Order at 2, filing a notice of appeal is not complicated.  Ommundson chose not to appeal because he did not believe he would succeed.  That belief does not excuse his default.

Finally, Ommundson asserts that he is "suffering a miscarriage of justice," id., but he does not adduce any new evidence that he did not commit the crime of which he was convicted.  His procedural default of

FINDINGS AND RECOMMENDATION OF U.S.
MAGISTRATE JUDGE (CLAIMS 4 AND 5) / PAGE 5

Claims 4 and 5 is unexcused.

IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules Governing § 2254 Proceedings.

A. Governing Law

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c); <u>Hohn v. United States</u>, 524 U.S. 236 (1998); <u>Lambright v. Stewart</u>, 220 F.3d 1022, 1024 (9th Cir. 2000).  Ommundson "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000), or that "the questions are 'adequate to deserve encouragement to proceed further,'" <u>Lozada v. Deeds</u>, 498 U.S. 430, 432 (1991) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).

Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  <u>Lambright</u>, 220 F.3d

at 1026 (quoting <u>Slack</u>, 529 U.S. at 484).

B. Discussion

The procedural ruling as to Claim 4 is plainly mandated by <u>Carpenter</u>, 529 U.S. at 451-53.  As to Claim 5, Ommundson's belief that he would not succeed due to his "unbelievably poor legal resources" in prison does not support an inference that he could not file a notice of appeal.  In fact, his own statements in his Petition, Pet. at 3 ¶¶ 12-13, show that he knew he could appeal but chose not to.  While the obvious procedural default has precluded close scrutiny of the merits of the claims, neither is compelling on its face.  There is no reason to encourage further proceedings on Claims 4 and 5.  A COA is not warranted.

Based on the foregoing, the Court enters the following:

RECOMMENDATION

1.  Claims 4 and 5 should be DISMISSED WITH PREJUDICE as procedurally defaulted without excuse.

2.  A certificate of appealability should be DENIED as to Claims 4 and 5.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within fourteen (14) calendar days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Ommundson must immediately inform the Court of any change in his mailing address.  Failure to do so may result in dismissal of this action without notice to him.

DATED this 15th day of March, 2010.

/s/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge

FINDINGS AND RECOMMENDATION OF U.S.
MAGISTRATE JUDGE (CLAIMS 4 AND 5) / PAGE 8