FILED
BILLINGS DIV.
2010 APR 20 AM 10 08
PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| DAVID OMMUNDSON,<br><br>Plaintiff,<br><br>vs.<br><br>MIKE MAHONEY; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | CV 09-150-BLG-RFC<br><br><br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

United States Magistrate Judge Carolyn Ostby has entered Findings and Recommendation (*Doc. 14*) on Petitioner David Ommundson's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. With regard to Counts 4 and 5, Magistrate Judge Ostby recommends they be dismissed.

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). Ommundson has

1

filed timely objections. *Doc. 15.* Accordingly, the Court must make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 636(b)(1).

After a de novo review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact and HEREBY ORDERS they be adopted in their entirety.

Ommundson did not raise his ex post facto argument or his claim of ineffective assistance of counsel in his direct appeal. He did not appeal the trial court's denial of his postconviction petition. Therefore, the Montana Supreme Court has not had an opportunity to address these claims. Ommundson cannot present these claims to the Montana Supreme Court now, because he could have done so before, Mont. Code Ann. § 46-21-105(1)(b), (2), and because the one-year statute of limitations has expired. Mont. Code Ann. § 46-21-102(1)(b). Claims 4 and 5 are defaulted.

Ommundson contends that his failure to raise Claim 4 on direct appeal should be excused because, due to this counsel's ineffective assistance, he had "very little input" concerning the issues to be raised. He also contends that his failure to appeal the denial of his postconviction petition should be excused because "[l]egal help from inside the prison was virtually non-existent" and the

2

location where he was detained had no library between January and June 2009, which includes the time period for his appeal. "As a result, the Petitioner had no means to prepare an appeal to the Montana Supreme Court."

Ommundson's excuse for default on Claim 4 cannot be considered because he did not raise it in the Montana Supreme Court. *Edwards v. Carpenter*, 529 U.S. 446, 451-53 (2000).

The facts alleged by Ommundson to excuse his default of Claim 5 do not support an inference that he was unable to file a notice of appeal. The statement in his petition that he did not appeal because he was "proceeding pro se" and he "believed that he would be denied again," shows that he knew he could appeal. Filing a notice of appeal is not complicated and Ommundson chose not to appeal because he did not believe he would succeed. That does not excuse his default of Claim 5.

Accordingly, **IT IS HEREBY ORDERED** that Claims 4 and 5 are **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED** as to Claims 4 and 5.

The Clerk of Court is direct to enter judgment by separate document in favor of Respondents and against Petitioner. The Clerk of Court shall notify the parties of the making of this Order.

DATED this \_\_19th\_\_ day of April, 2010

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE